No. 24-5622

# UNITED STATES COURT OF APPEAL
# FOR THE NINTH CIRCUIT

_____

SCHWARTZ FOUNDATION, DONALD CHARLES SCHWARTZ, MICHAEL L. OSTERBERG, WILLIE L. BROWN, JR., CHARLES P. SCHWARTZ, III, PAUL DAVID SCHWARTZ, DAVID RICHARD SCHWARTZ,

Plaintiffs/Appellants,

vs.

MARGOT DUFFY SCHWARTZ; NOAH SCHWARTZ; and DOES 1 through 50, inclusive,

Defendants/Respondents.

_____

Appeal of a Vexatious Litigant Order
From the United States District Court for the Northern District Of California
No. 5:24-cv-04181

_____

## APPELLANTS' OPENING BRIEF
_____

Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960 Soquel Drive, No. 291
Aptos, CA 95003
831-331-9909; Facsimile 815-301-6556
Email: triallaw@cruzio.com

Attorney for Plaintiff/Appellant
Donald Charles Schwartz

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Donald Charles Schwartz has no disclosures to make.

Respectfully submitted on January 10, 2025,

*/s/ **Donald Charles Schwartz***

Donald Charles Schwartz, Esq.
*Attorney for Appellant*

APPELLANTS' OPENING BRIEF

TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT**................................................2

**INTRODUCTION** ........................................................................5

**JURISDICTION** ..........................................................................5

**ISSUES PRESENTED FOR REVIEW** .................................................5

**STATEMENT OF THE CASE**...........................................................5

**STANDARDS OF REVIEW**.............................................................5

**SUMMARY OF THE ARUGUMENTS** .................................................6

**ARGUMENT**...............................................................................6

**I. An Attorney Cannot be Found a Vexatious Litigant After Only Two Removals**........................................................................6

**CONCLUSION AND RELIEF SOUGHT** .............................................7

**CERTIFICATE OF WORD COUNT COMPLIANCE**..................................9

APPELLANTS' OPENING BRIEF

# TABLE OF AUTHORITIES

## FEDERAL CASES

Marascalco v. Fantasy, Inc., 953 F.2d 469, 469 (9th Cir. 1991) …………..5

United States v. Mateo-Mendez, 215 F.3d 1039, 1042 (9th Cir 2000)…..…5

Rabkin v. Oregon Health Sciences Univ. (9th Cir. 2003), 350 F.3d 967, 977 ……. ……………………………………………………………..5

In re Korean Air Lines Co., Ltd. (9th Cir. 2011) 642 F.3d 685, 698 n.11)…5

Chang v. United States (9th Cir. 2003) 327 F.3d 911, 925 ………………6

Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California (9th Cir. 2010) 618 F.3d 1066, 1084 ……………..………….6

Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 959 (9th Cir. 2006) …………………………………………………..……6

Weissman v. Quail Lodge, Inc. (1999) 179 F.3d 1194, 1999 U.S.App. LEXIS 11896……………………………………………………………6

Basile v. Sony Pictures Ent., Inc., 2024 U.S. Dist. LEXIS 190452……….. 7

Edwards v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 96517……………………………………………………………7

Ringgold-Lockhart v. County of L.A. (2014) 761 F.3d 1057   …………..7

Hawk v. Superior Court, 42 Cal. App. 3d 108, 126 (1974)………………..7

## OTHER AUTHORITIES

ABA Model Rule of Professional Conduct 1.3…………………………..7

APPELLANTS' OPENING BRIEF

## INTRODUCTION
0

This appeal arises from the District Court's determination that attorney Donald Chares Schwartz is a vexatious litigant after only two removals and each removal was on a different ground, e.g., diversity and federal question.

## ISSUES PRESENTED FOR REVIEW

Can an attorney be found to be a vexatious litigant after only two removals and each removal was on a different ground, e.g., diversity and federal question.

## STATEMENT OF THE CASE

Attorney Donald Charles Schwartz ("Attorney Schwartz") removed a state court case twice and each time the Federal District Court remanded the case to the state court.

After the second remand, the Federal District Court found attorney to be a vexatious litigant.

Each removal was on different grounds, e.g., one was based on diversity jurisdiction and the other was based on federal question.

## STANDARDS OF REVIEW

Appeals that involve pure questions of law are reviewed de novo. **Marascalco v. Fantasy, Inc.,** 953 F.2d 469, 469 (9th Cir. 1991). The de novo standard applies when issues of law predominate in the district court's decision. (See **United States v. Mateo-Mendez**, 215 F.3d 1039, 1042 (9th Cir. 2000).

APPELLANTS' OPENING BRIEF

"An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." (**Rabkin v. Oregon Health Sciences Univ.** (9th Cir. 2003), 350 F.3d 967, 977 (citation and internal quotation marks omitted); see also **In re Korean Air Lines Co., Ltd.** (9th Cir. 2011) 642 F.3d 685, 698 n.11.)

A district court abuses its discretion when it rules in an irrational manner. (See **Chang v. United States** (9th Cir. 2003) 327 F.3d 911, 925; see also **Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California** *(9th Cir. 2010)* 618 F.3d 1066, 1084.

The abuse of discretion standard is inherently flexible, which enables reviewing courts to simply adjust for the circumstances. **Abatie v. Alta Health & Life Ins. Co**.*,* 458 F.3d 955, 959 (9th Cir. 2006)

## SUMMARY OF THE ARGUMENTS

Attorney Schwartz cannot be determined a vexatious litigant after only two removals. The Ninth Circuit has found that the "vexatious litigant doctrine" does not apply to attorneys appearing on behalf of a client. Restricting access to the courts is a serious matter and cannot be imposed unless it is the remedy of last resort. Here, it is not.

## ARGUMENT

### I. AN ATTORNEY CANNOT BE A VEXATIOUS LITIGANT IN THE NINTH CIRCUIT

The Ninth Circuit has explicitly ruled that the vexatious litigant doctrine does not apply to attorneys appearing on behalf of clients. In **Weissman v. Quail**

APPELLANTS' OPENING BRIEF

**Lodge, Inc.** (1999) 179 F.3d 1194, 1999 U.S.App. LEXIS 11896 the court held that an attorney cannot be sanctioned as a vexatious litigant because they are acting in their professional capacity and not as a litigant. This precedent clearly indicates that an attorney cannot be declared a vexatious litigant based solely on their actions in representing clients. Even if the vexatious litigant doctrine were applicable to attorneys, the procedural requirements set forth by the Ninth Circuit must be met. These include providing notice and an opportunity to be heard, compiling an adequate record, making substantive findings of frivolousness or harassment, and drafting a narrowly tailored order. Here, not all of the procedural steps have been followed. Particularly, the grounds for declaring a litigant vexatious require a finding that the filings were frivolous or harassing. **Basile v. Sony Pictures Ent., Inc**., 2024 U.S. Dist. LEXIS 190452; **Edwards v. Wells Fargo Bank, N.A**., 2013 U.S. Dist. LEXIS 96517. The Ninth Circuit defines frivolous as having no basis in law or fact. The court must evaluate both the number and content of the filings to determine frivolousness. With only two removals on different grounds, the Court cannot find a sufficient basis to declare the attorney's actions frivolous or harassing.

The Ninth Circuit has held that only two incidents cannot form the basis of a vexatious litigant finding. **Ringgold-Lockhart v. County of L.A.** (2014) 761 F.3d 1057. Nor does the District Court's Order pass muster under the Ringgold-Lockhart "five substantive factors test. See, **Ringgold-Lockhart**, supra.

Moreover, it is a commonly thought precept that attorneys are required to perform 'zealous advocacy.' In **Hawk v. Superior Court**, 42 Cal. App. 3d 108, 126 (1974), the Court states: "The duty of a lawyer, both to his client and to the legal system, is to **represent his client zealously** within the bounds of the law . . . ." (emphasis added.) Zealous advocacy is mentioned in the ABA Model Rule of Professional Conduct 1.3: "**A lawyer must also act . . . with zeal in advocacy on the client's behalf**."

APPELLANTS' OPENING BRIEF

## <u>CONCLUSION AND RELIEF SOUGHT</u>

Based on the Ninth Circuit's precedent and the procedural and substantive requirements for declaring an attorney vexatious, Attorney Schwartz cannot be, and should not be, declared a vexatious litigant after only two removals on different grounds. The Ninth Circuit has ruled that the vexatious litigant doctrine does not apply to attorneys acting on behalf of clients, and the necessary procedural steps and substantive findings have not been met in in this case.

In light of the foregoing, this Court should find that attorney Donald Charels Schwartz is not a vexatious litigant and reverse the District Court's Order in that regard.

Respectfully submitted on January 10, 2025,

*/s/ **Donald Charels Schwartz***

Donald Charles Schwartz, Esq.
*Attorney for Appellant(s)*

APPELLANTS' OPENING BRIEF

## <u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>

This Opening Brief contains 1,343 words, not counting caption pages, tables, the corporate disclosure statement, or this certificate. I have relied on the word count function in the software program. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted on January 10, 2025,

*/s/ Donald Charles Schwartz*

Donald Charles Schwartz, Esq.
*Attorney for Appellant*

APPELLANTS' OPENING BRIEF